## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

INTERSTATE RESTORATION GROUP, INC., a
Texas corporation, and INTERSTATE
RESTORATION LLC, a Colorado limited liability
company,

      Plaintiffs,

    v.

INTERSTATE CONSTRUCTION, LLC, a
Michigan limited liability company,

      Defendant.

Case No.

Hon.

---

Vanessa L. Miller (P67794)
Margaret L. Mettler (P77026)
FOLEY & LARDNER LLP
500 Woodward Avenue, Suite 2700
Detroit, MI 48226
Telephone: 313.234.7100
Fax: 313.234.2800
Email:  vmiller@foley.com
       mmettler@foley.com

*Attorneys for Plaintiffs Interstate Restoration*
*Group, Inc. and Interstate Restoration LLC*

---

## COMPLAINT

Plaintiffs Interstate Restoration Group, Inc. and Interstate Restoration

LLC (collectively referred to as "Plaintiffs" or "Interstate"), by and through their

counsel Foley & Lardner LLP, hereby file this Complaint against Defendant

4842-0107-7793.

Interstate Construction, LLC ("Defendant" or "Interstate Construction"), and in support thereof state as follows:

## NATURE OF THE ACTION

1.      This is an action for damages and injunctive and other relief, asserting various statutory and common law claims against Defendant, including trademark infringement, unfair competition, and other related claims. Defendant, without authorization or consent, willfully adopted, and is now using, names and trademarks that are the same or similar to Plaintiffs' names and trademarks on and in connection with services of the same type as those offered by Plaintiffs.

## PARTIES

2.      Plaintiff Interstate Restoration Group, Inc. is a Texas corporation with its principal place of business in Fort Worth, Texas.

3.      Plaintiff Interstate Restoration LLC is a Colorado limited liability company with its principal place of business in Fort Worth, Texas. Plaintiff Interstate Restoration LLC operates in Michigan under the assumed name Interstate Restoration Michigan, LLC.

4.      On information and belief, Defendant Interstate Construction is a Michigan limited liability company with its principal place of business in Sterling Heights, Michigan.

2

## JURISDICTION AND VENUE

5.   This is an action for trademark infringement under 15 U.S.C. § 1125(a) and common law; use of false designations of origin under 15 U.S.C. § 1125(a); violation of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.903; and infringement and unfair competition under Michigan common law.

6.   This Court has subject matter jurisdiction over the claims pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a) and (b), and supplemental jurisdiction over the claims arising under the statutory and common law of the State of Michigan pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy.

7.   On information and belief, this Court has personal jurisdiction over Defendant under Mich. Comp. Laws §§ 600.711 and 600.715 because Defendant is domiciled in the State of Michigan and/or conducts substantial business in this forum and because this action arises, in whole or in part, from Defendant's transaction of business within the State of Michigan and its commission of tortious acts within the State of Michigan. Plaintiffs have been harmed and continue to suffer harm in the State of Michigan.

8.   Venue is proper in this District under 28 U.S.C. § 1391 (b) and (c). On information and belief, Defendant regularly transacts, and/or has transacted, business

3

in this District, including by offering services to customers in this District and/or a substantial part of the events giving rise to the claims occurred in this District.

## FACTS COMMON TO ALL COUNTS

### The Interstate Plaintiffs

9.     For more than 16 years, Interstate has been providing restoration, emergency response, emergency recovery, general contracting, construction, and related services to businesses and individuals suffering property damage due to fires, floods, and other natural and man-made disasters.

10.     Since 1998, Interstate has marketed and sold restoration, emergency response, emergency recovery, general contracting, construction, and related services to customers in the United States, including, since 2002, to customers in Michigan. During this time, Interstate has used the name and mark INTERSTATE and various INTERSTATE-formative names and marks to identify its services and to distinguish them from services others offer by, among other things, prominently displaying its names and marks on promotional materials, advertising, websites, and other media. This includes, *inter alia*, use of the following trade names and marks:  INTERSTATE,   INTERSTATE   RESTORATION,   INTERSTATE RESTORATION GROUP, INTERSTATE RESTORATION GROUP & Design, as well as the below-pictured mark:

4



Collectively, all of Interstate's foregoing names and marks are hereinafter referred to as the "Interstate Marks."

11.    Interstate operates 18 offices strategically located in 12 different states – Arizona, California, Colorado, Florida, Georgia, Illinois, Michigan, New Jersey, North Carolina, Texas, Virginia, and Washington – allowing it to respond to an incident anywhere in the country. Interstate currently has two offices in Michigan: one in Southfield and one in Grand Rapids.

12.    Since it was established in 1998, Interstate has served thousands of clients in a wide range of industries – including banks and financial institutions, commercial and corporate clients, government and public sector entities, healthcare organizations, hotels and resorts, industrial and manufacturing clients, multifamily housing facilities, religious institutions, restaurants, retail outfits, and schools and universities – as well as homeowners. Interstate's clients include Fortune 500 companies as well as the U.S. Postal Service.

13.    Interstate actively advertises and promotes the Interstate Marks through its website <http://www.interstaterestoration.com/> ("Interstate Website"); its blog <http://www.interstaterestoration.com/blog> ("Interstate Blog"); and

various social media platforms where it has a significant presence, such as Facebook, Twitter, LinkedIn, and YouTube.

14.   Interstate's services have been publicized in leading business media articles, and since Interstate first began using the Interstate Marks in 1998, it has spent significant sums promoting its restoration, emergency response, emergency recovery, general contracting, construction, and related services. Over the course of the past 16-plus years, Interstate has expended in excess of $10 million to advertise and promote the Interstate Marks.

15.   Since its inception, Interstate has sold over $800 million in restoration, emergency response, emergency recovery, general contracting, construction, and related services. Last year, Interstate's revenue exceeded $100 million, including business conducted in Michigan.

16.   Due to Interstate's long and continuous use of the Interstate Marks in connection with the provision of restoration, emergency response, emergency recovery, general contracting, construction, and related services throughout the United States, the Interstate Marks have come to indicate to consumers of those services that Interstate is the source of those services.

17.   As a result of Interstate's extensive use of, and sales under, the Interstate Marks, the Interstate Marks represent highly valuable goodwill owned by Interstate.

6

**Defendant Interstate Construction**

18.     Upon Information and belief, in or about April 2006, Defendant began operating as Interstate Construction, LLC in Michigan. Like Interstate, Interstate Construction provides restoration, emergency, and related services.

19.     Upon information and belief, Interstate Construction has used and/or currently uses, *inter alia*, the following INTERSTATE and INTERSTATE-formative names and marks to advertise and promote the same types of services as those Interstate offers by displaying them on promotional materials, on websites, and in other advertising in the United States: INTERSTATE; INTERSTATE CONSTRUCTION; INTERSTATE CONSTRUCTION, LLC; as well as the below-pictured mark:



20.     Like Interstate, Interstate Construction advertises and promotes its services through its website <http://www.interstateconstructionllc.com/> and its Facebook page.

21.     The services offered by Interstate Construction under the name and mark INTERSTATE CONSTRUCTION and other INTERSTATE-formative

7

names and marks are the same types of services offered by Interstate under the Interstate Marks.

22.     Interstate Construction's services target the same consumers as Interstate's services.

23.     Interstate Construction's marketing, promotion, and offering of the same types of services as those offered by Interstate using INTERSTATE-formative names and marks has caused, and is likely to continue causing, confusion, mistake, or deception as to the source, sponsorship, or affiliation of Interstate Construction's services. As a result of Interstate Construction's unauthorized use of INTERSTATE-formative names and marks, which are confusingly similar to the Interstate Marks, consumers are likely to believe, erroneously, that Interstate Construction's services have been endorsed by, approved by, sponsored by, or affiliated with Interstate. Such confusion is likely to damage Interstate in a variety of ways, including the loss of its ability to control the nature, quality, and consumer perception of its services and the goodwill and reputation associated with the Interstate Marks.

24.     On information and belief, Interstate Construction had actual knowledge of Interstate's name and trademark rights prior to adopting its INTERSTATE-formative names and marks and acted knowingly and willingly in

8

adopting confusingly similar names and marks for identical, related, and/or complementary services.

25.     Interstate Construction's unauthorized adoption and use of INTERSTATE-formative names and marks gives Interstate Construction's services a salability they would not otherwise have had by allowing Interstate Construction to receive the benefit of the goodwill, commercial magnetism, and reputation established at great labor and expense, and cultivated over many years, by Interstate in the Interstate Marks and the services to which they refer.

26.     Interstate Construction's use of INTERSTATE-formative names and marks has been without Interstate's authorization or consent.

27.     Upon information and belief, Interstate Construction's acts complained of herein have been willful, and intended to trade upon the reputation of Interstate and its services offered under the Interstate Marks and thereby cause harm to Interstate.

28.     Interstate Construction's aforementioned conduct has caused, and will continue to cause, *inter alia*, immediate and irreparable injury to Interstate and to its goodwill, reputation, and ability to provide restoration, emergency response, emergency recovery, general contracting, construction, and related services under the Interstate Marks, and will continue both to damage Interstate and deceive the public unless enjoined by this Court. Interstate has no adequate remedy at law.

9

## FIRST CAUSE OF ACTION

## FEDERAL TRADEMARK INFRINGEMENT & UNFAIR COMPETITION

## (15 U.S.C. § 1114)

29.     Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs in this Complaint, and incorporate them herein by reference.

30.     By the acts complained of herein, Defendant has infringed Plaintiffs' rights in the Interstate Marks, has unfairly competed with Plaintiffs, and has falsely designated the origin of Defendant's services, causing irreparable injury to Plaintiffs in violation of §43(a) of the Trademark Act of 1946, as amended (15 U.S.C. § 1125(a)).

## SECOND CAUSE OF ACTION

## COMMON LAW TRADEMARK INFRINGEMENT

31.     Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs in this Complaint, and incorporate them herein by reference.

32.     The acts of Defendant complained of herein constitute common law trademark infringement of Plaintiffs' trademark rights and unfair competition.

10

## THIRD CAUSE OF ACTION

### VIOLATION OF MICHIGAN CONSUMER PROTECTION ACT

33.    Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs in this Complaint, and incorporate them herein by reference.

34.    The State of Michigan has an important interest in ensuring that persons and entities doing business with Michigan residents fully comply with Michigan laws.

35.    The aforesaid acts of Defendant constitute unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce in violation of the Michigan Consumer Protection Act. Mich. Comp. Laws § 445.903(1)(a)-(c), (e).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

A.    Issue a preliminary and permanent injunction, restraining Defendant and each of its directors, officers, partners, distributors, agents, servants, employees, and attorneys, and all those in active concert or participation with Defendant, from:

1.    using, in connection with the advertising, marketing, sale, or promotion of restoration, emergency response, emergency

11

recovery, general contracting, construction, or related services, any name or mark consisting in whole, or in part, of the term "Interstate" (whether in word or logo form) or any other name or mark likely to cause confusion with any of Plaintiffs' Interstate Marks;

2. using any false designation of origin or false description, or performing any act that is likely to lead members of the trade or public to believe that any of Defendant's services are licensed, sponsored, approved, or authorized by either of Plaintiffs, or are in any other manner associated or connected with Plaintiffs;

3. doing any act or thing likely to confuse, mislead, or deceive others into believing that Defendant, or any of its products or services, emanate from either of Plaintiffs or are connected with, affiliated with, sponsored by, associated with, or approved or authorized by either of Plaintiffs; and

4. engaging in any other activity constituting unfair competition with either of Plaintiffs, or infringement of any of Plaintiffs' Interstate Marks.

B. Order all advertising, promotional materials, displays, domain names, social media handles, and any other materials in tangible or electronic

12

form that Defendant or any of its agents possess bearing INTERSTATE-formative names or marks or any colorable imitation thereof, which are in the possession and control of Defendant or any of its agents, to be delivered up to Plaintiffs for destruction.

C.    Order Defendant to pay Plaintiffs:

    1.    treble Defendant's profits from sales of services under an INTERSTATE-formative name or mark;

    2.    treble Plaintiffs' actual damages arising out of Defendant's acts of infringement and unfair competition; and

    3.    Plaintiffs' costs in this civil action, including reasonable attorneys' fees and expenses, pursuant to 15 U.S.C. § 1117.

D.    Order Defendant to take such other action as the Court deems appropriate to prevent the trade and public from mistakenly believing that any services offered, advertised, or promoted by or on behalf of Defendant are authorized by Plaintiffs or are related in any way to Plaintiffs' services.

E.    Order Defendant to file with the Court and serve upon Plaintiffs' counsel within thirty (30) days after entry of judgment a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the above pursuant to 15 U.S.C. § 1116(a).

13

F.     Grant to Plaintiffs such other and further relief as the Court deems just

and proper.

## **DEMAND FOR JURY TRIAL**

Under Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs request a

trial by jury of any issues so triable by right.


Dated:  March 20, 2015                   Respectfully submitted,

                                          By:  /s/ Vanessa L. Miller
                                               Vanessa L. Miller (P67794)
                                               Margaret L. Mettler (P77026)
                                               FOLEY & LARDNER LLP
                                               500 Woodward Avenue, Suite 2700
                                               Detroit, MI 48226
                                               Telephone: 313.234.7100
                                               Fax: 313.234.2800
                                               Email:  vmiller@foley.com
                                                       mmettler@foley.com

                                               *Attorneys for Plaintiffs Interstate*
                                               *Restoration Group, Inc. and Interstate*
                                               *Restoration LLC*

14